BARRY, Judge.
The defendant was charged with possession of cocaine, La.R.S. 40:967, and a six member jury found him guilty as charged. He was sentenced to five years at hard labor plus a $5,000 fine and $155 court costs or six months additional time in default of payment of costs. The defendant pled guilty to a multiple bill and was resen-tenced to eight years at hard labor plus a $5,000 fine and $155 court costs or six months additional time in default of payment. We affirm.
On June 3, 1986 Officer Eddie Selby, Special Operations Division of the New Orleans Police Department, received a call from a confidential informant. Pursuant to that call Officer Selby and his partner, Officer John Ronquillo, went to the corner of Jackson Ave. and South Johnson St. in an unmarked police car. The defendant was standing on the corner with two people. When the police car approached the defendant started walking on South Johnson in an uptown direction and the two people went in the opposite direction.
Officer Selby testified he saw the defendant reach into his pocket and drop small packages on the ground. Officer Selby stopped the car and Officer Ronquillo retrieved the packages. Officer Selby stopped the defendant and placed him under arrest.
At trial Officer Selby identified the packages and the defendant. Daniel Wagues-pack, the State’s expert in controlled dangerous substances, identified the contents of the packages as cocaine'. Officer Ron-quillo did not testify.
Rose Williams, a defense witness, said she was sitting on her neighbor’s porch across the street from where the arrest took place. She saw the police drive up, stop, and the driver hold the defendant. She said the other officer searched the ground and after five to six minutes found nothing.
The defendant urges the State improperly placed the defendant’s character at issue even though he did not testify.
The State asked Officer Selby if he knew the defendant prior to this arrest and the officer responded that he did. No objection was made to the question or answer. During closing argument the prosecution mentioned that the officer knew the defendant and said “Eddie Selby knew him for God’s sake ...” There was no objection or motion for a mistrial.
On appeal a defendant is precluded from raising an alleged error if a contemporaneous objection was not made. La.C.Cr.P. Art. 841.
However, the mere statement that the officer knew the defendant did not place the defendant’s character at issue. No attempt was made to suggest the officer knew the defendant through a prior arrest or criminal activity. This assignment lacks merit.
The defendant next urges that the State’s closing argument went beyond the scope of the evidence. La.C.Cr.P. Art. 774 provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
*977 The argument shall not appeal to prejudice.
The State’s rebuttal shall be confined to answering the argument of the defendant.
The only comment which the defendant specifies was the district attorney’s comment that “if I wanted to I could stretch this trial out until tomorrow or the next day.” No objection was made. The defendant did object to the State’s closing remarks that had Officer Ronquillo’s account of the incident been favorable to the defendant, that the defendant would have called him as a witness.
The statement and closing remarks were made to rebut the defendant’s argument that the State should have called other witnesses, including Officer Ronquillo. We find no impropriety. This assignment lacks merit.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.